**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FARM BUREAU PROPERTY &
CASUALTY INSURANCE COMPANY,

Plaintiff,

vs. Civ. No. 26-2427 JMR/SCY

MICHAEL AMPARAN and WESLEY
BRYANT MACK, as the Personal Representative
of the Estate of ALICE MOORE, deceased,

Defendants.

**ORDER TO FILE RULE 7.1 NOTICE AND**
**TO AMEND COMPLAINT**

This matter comes before the Court sua sponte, following its review of the Complaint for Declaratory Judgment, filed by Plaintiff Farm Bureau Property & Casualty Insurance Company on July 27, 2026. Doc. 1. Plaintiff filed this action in federal court citing diversity jurisdiction.[1] *Id.* ¶ 5. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." "A federal court's jurisdiction must clearly appear from the face of a complaint . . . ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir.

[1] Plaintiff filed this declaratory judgment action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, and Federal Rule of Civil Procedure 57. Doc. 1 at 1. However, "[t]he Declaratory Judgment Act does not confer jurisdiction upon federal courts, so the power to issue declaratory judgments must lie in some independent basis of jurisdiction." *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996) (internal citations omitted).

1972). "[T]he ultimate burden of establishing complete diversity" lies with "the party seeking to invoke federal jurisdiction." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1306 (10th Cir. 2025); *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). Here, the Court finds that the allegations in the complaint are insufficient to sustain diversity jurisdiction in two respects.

First, the complaint alleges that Defendant Michael Amparan is a resident of New Mexico. Doc. 1 ¶ 2. However, residency is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock*, 460 F.2d at 514 n.14; *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an allegation of Defendant Amparan's "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court.[2] *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction).

The Court notes that Rule 7.1 requires a party to file a disclosure statement as to its own citizenship at the time of its first appearance in the case. *See* Fed. R. Civ. P. 7.1(a)(2), (b) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that

[2] Indeed, in his answer, Defendant Amparan alleges that he is a resident of Colorado, not New Mexico, as the complaint alleges. Doc. 6 ¶ 2.

party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction."). In keeping with this intent, because Defendant Amparan has appeared in the case and filed an answer, the Court orders him to file a Rule 7.1 notice as to his citizenship within 14 days of the date of this Order.

Second, the complaint alleges that Defendant Wesley Bryant Mack, as the Personal Representative of the Estate of Alice Moore, is a resident of New Mexico. Doc. 1 ¶ 3. However, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2); *see also Brown v. Mahdi*, 482 F. Supp. 2d 1300, 1305 (D.N.M. 2007) ("[T]he Court concludes that a personal representative under the [New Mexico Wrongful Death Act] constitutes a 'legal representative of the estate' within the meaning of § 1332(c)(2)."). Here, the complaint only provides the residency for Defendant Mack, without providing the citizenship of the decedent.

Given these defects, the Court will give Plaintiff the opportunity to amend the complaint to allege facts necessary to sustain diversity jurisdiction. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS THEREFORE ORDERED** that Defendant Amparan shall file a citizenship disclosure statement that fully complies with Rule 7.1(a)(2) no later than **September 25, 2026**.

**IT IS FURTHER ORDERED** that Plaintiff shall amend its Complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **October 9, 2026**. If

such an amended complaint is not filed by **October 9, 2026**, the Court may dismiss this action without prejudice.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE